## Common Pleas of Crawford County.

### In re CHARTER OF RED MEN'S MUTUAL RELIEF ASSOCIATION.

1. Under the act of April 29, 1874, the petition and charter of a proposed corporation, must conform, both in principle and form to the directions and provisions of the act.
2. A charter not approved by reason of negligence in these particulars.

Opinion delivered July, 1874, by

Lowrie, P. J. This document has been presented to me for approval, with the proof that the public notice required by law has been given, and I have perused and examined it, and find it is not in the proper form.

1. The document to be presented for examination is called, in the act of 29th April, 1874, relating to incorporation, "the charter of in-

tended corporation," and also "the certificate of incorporation;" but in this document, it is called *by-laws*, which word is used in the act of Assembly, as it is in common parlance, in a very different and even a contrasted sense. And this error leads to a fundamental error in the last article, which unlawfully assumes and ordains that the association may by its own act alter its *charter*, miscalled its by-laws.

2. It neglects several directions plainly set forth in Sec. 3d of the act of Assembly; in not stating the term of the corporation, nor the names and residences of the subscribers (or members), nor the number of its directors, nor the names and residences of those chosen for the first year, ; though it seems there must be at least nine who are to be residents of Titusville, and it may possibly be *inferred*, though it ought not to be left to inference, that these nine are what is called the "Local Board."

Associations of this kind, usually called *beneficial*, do not consist of stock subscribers, and I suppose it is so with this one; and hence it cannot give "the number of shares subscribed by each," as required by law; and this duty may be sufficiently complied with by the statement made of the contributions which each member is bound to pay into the common fund.

In requiring the names and residences of the present directors, the law plainly indicates that the application for incorporation is to be made by an existing association already organized, presenting its constitution for legal approval. That constitution must of course be in conformity, both in principle and form, with the act of Assembly, and when legally approved and recorded, it becomes the charter of incorporation of the association. It is not intended that any persons who choose may seek such a charter, and that then whosoever will, may organize themselves into an association, and become incorporated under it. And then the public notice of the intended application for a charter, becomes a notice to all the members of the association, and not merely a notice to all strangers who may chose to intervene in the matter.

3. The law requires that the charter shall be subscribed by five or more persons (meaning members, of course,) and acknowledged by at least three of them, and this is not done.

If persons, in preparing such papers, would carefully compare their work with the act of Assembly, they would save themselves from much trouble and unpleasant disappointment.

The proposed charter is not approved.